IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| CLYDE GRAVELY, ) | |
| ) | C/A No.: 8:06-2352-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND** |
| MICHAEL J. ASTRUE, ) | **O R D E R** |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY ADMINISTRATION,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Clyde Gravely filed his application for disability insurance benefits and supplemental security income payments on May 3, 2002, with a protective filing date of April 29, 2002. (Tr. 18.) His application was denied initially and on reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held a hearing on June 11, 2003. The ALJ issued a decision dated August 26, 2003, in which he concluded that Plaintiff's impairments do not prevent him from performing a significant number of jobs available in the national economy. Plaintiff requested a review of the hearing decision on September 24, 2003. On August 26, 2004, the Appeals Council granted Plaintiff's request for review and remanded the case for further proceedings. (Tr. 83-85.) A supplemental hearing was held before a different ALJ on July 19, 2005. (Tr. 31.)

On September 23, 2005, the ALJ issued a decision, in which he found that the Plaintiff was not under a disability because he could perform a full range of sedentary work. Accordingly, the ALJ

---

[1] As noted in Defendant's Memorandum in Support of the Commissioner's Decision, Michael J. Astrue became the Commissioner of Social Security on February 12, 2007. As such, Michael J. Astrue is substituted for Commissioner JoAnne B. Barnhart as defendant in this suit. See Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

determined that Plaintiff is not entitled to a period of disability, disability insurance benefits, and not eligible for supplemental security income payments under Sections 216(I), 223, 1602, and 1614(a)(3)(A) respectively, of the Social Security Act.  The decision of the ALJ became the "final decision" of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 14, 2006.  Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for a Report and Recommendation.  On December 10, 2007, the Magistrate Judge filed a Report and Recommendation ("Report and Recommendation") in which she recommended that this action be remanded to the ALJ for consideration of Plaintiff's evidence of manipulative limitations and complete explanation for accepting or rejecting such evidence in the ALJ's analysis of the Plaintiff's residual functional capacity ("RFC").  The Commissioner filed objections to the Report and Recommendation on December 19, 2007.

The court is charged with making a *de novo* determination of any portions of the Magistrate Judge's Report and Recommendation to which a specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b).

## STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Section 205(g) of the Social Security Act provides, "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less

than preponderance." Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." Flack v. Cohen, 413 F.2d 278, 279 (4th Cir. 1969). "The courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational." Vitek, 438 F.2d at 1157-58. The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. Richardson v. Perales, 402 U.S. 389, 401 (1971).

## DISCUSSION

Plaintiff was 35 years old at the time of the second ALJ's decision in this case. He has a high school education and has worked in the past as a laborer, security guard, textile cutter and stocker, dishwasher, cafeteria worker, maintenance technician, loom blower, and newspaper carrier. (Tr. 130, 135, 138-61.) He claims disability based on limited use of his hands and fingers. (Tr. 129.) The Defendant makes two objections to the Report and Recommendation. The court will review each of these objections in turn.

Defendant's first objection is that a separate analysis of Plaintiff's alleged manipulative limitations is not required. Defendant argues that a separate analysis is unnecessary because the ALJ impliedly considered these manipulative limitations when determining whether the Plaintiff's

3

testimony, Dr. Fry's opinion, and the State agency physician's opinion were credible. Defendant contends that this assumption is logical because these three sources constitute the bulk of the evidence that Plaintiff has certain manipulative limitations. Defendant concludes that because the ALJ considered the Plaintiff's alleged manipulative limitations and the ALJ's RFC determination is supported by substantial evidence, the ALJ's decision should be affirmed.

In order to facilitate judicial review, the Social Security Act and the Administrative Procedures Act requires a decision maker to include "in the text of her decision a statement of the reasons for that decision." See Cook v. Heckler, 783 F.2d 1168, 1172 (4th Cir. 1986). Without such a statement of reasons, a reviewing court cannot determine whether the Commissioner based a decision on substantial evidence. See id. Additionally, Social Security Ruling 96-8p states that a RFC assessment must identify a claimant's functional limitations and assess his work-related abilities on a function-by-function basis. See Social Security Ruling No. 96-8p. The Ruling also states that when performing an assessment of a claimant's RFC, an adjudicator should consider all of the claimant's impairments, including impairments which are not "severe." Social Security Ruling No. 96-8p.

As the Magistrate Judge noted, there is evidence in the record indicating that the Plaintiff suffered from certain manipulative limitations. (See Tr. 223, 229, 238, 246, 264.) Contrary to Defendant's contention, it is not clear whether the ALJ considered this evidence when analyzing the Plaintiff's RFC. When discussing the medical evidence, the ALJ did not explicitly identify or discuss Plaintiff's alleged manipulative limitations. Nor did he give any indication that he actually considered what impact, if any, Plaintiff's alleged manipulative limitations had on the RFC analysis. As such, the ALJ did not provide a complete statement of reasons for his RFC determination.

Therefore, the court cannot properly assess whether the ALJ's RFC determination is based on substantial evidence and the case should be remanded for further explanation. See Cook, 783 F.2d at 1172.

Defendant's second argument is that even if the ALJ should have included a separate analysis of Plaintiff's alleged manipulative limitations, the ALJ's failure to do so constitutes harmless error. Defendant argues that any error is harmless because the ALJ's decision shows he considered all the evidence in the record regarding any upper extremity restrictions and there is substantial evidence in the record supporting the ALJ's RFC determination. Although the ALJ summarized medical evidence relating to the Plaintiff's upper extremity problems, the ALJ did not provide any analysis of the effect this evidence had on his RFC determination. As such, for similar reasons already articulated, the court is unable to make a determination of whether the ALJ's decision is based on substantial evidence. See id.

## CONCLUSION

After a thorough review of the Magistrate Judge's Report and Recommendation and the record in this case, the court adopts the findings and recommendation of the Magistrate Judge's Report and Recommendation. Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), it is ORDERED that the Commissioner's decision to deny benefits be **reversed** and that the case be remanded to the Commissioner for further administrative action as set out herein.

**IT IS SO ORDERED**.

      s/ Margaret B. Seymour
Margaret B. Seymour
United States District Judge

Columbia, South Carolina
February 18, 2008